J-A22027-20
J-A22028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEOFFREY AARON BUSSARD | : | |
| | : | |
| Appellant | : | No. 415 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001373-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEOFFREY AARON BUSSARD | : | |
| | : | |
| Appellant | : | No. 416 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002831-2019

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 23, 2020**

Appellant, Geoffrey Aaron Bussard, appeals from the judgments of sentence entered in the above-captioned matters. Due to the congruent nature of the parties, the facts, and the procedural history in these related cases, we address the appeals in a single Memorandum. After review, we affirm.

The Commonwealth charged Appellant with numerous crimes in connection with his repeated sexual abuse of the minor children, A.B. and V.N. A.B. is Appellant's daughter, and V.N. is A.B.'s neighborhood friend. The crimes perpetrated against V.N. were docketed at trial court docket number CP-36-CR-0001373-2019 ("1373-2019"), and the crimes against A.B. appear at trial court docket number CP-36-CR-0002831-2019 ("2831-2019").[1] On May 24, 2019, the Commonwealth filed notice of its intent to try the cases jointly. On August 29, 2019, Appellant filed a motion to sever the trials, which the trial court denied on September 11, 2019. The cases were tried jointly before a jury on October 21, 2019, through October 23, 2019.

The trial court summarized the jury verdict as follows:

> On October 23, 2019, following a jury trial, [Appellant] was found guilty at docket number 1373-2019 of rape of a child less than thirteen (13) years of age, aggravated indecent assault of a child less than thirteen (13) years of age without consent, two (2) counts of involuntary deviate sexual intercourse with a child less than thirteen (13) years of age, aggravated indecent assault of a child less than thirteen (13) years of age, statutory sexual assault of a child eleven (11) years of age or older, a course of conduct of indecent assault of a child less than thirteen (13) years of age, unlawful contact with a minor, corruption of a minor[,] and a course of conduct of endangering the welfare of a child.[2] Those

---

[1] The appeal in 1373-2019 appears at Superior Court docket number 415 MDA 2020, and the appeal at 2831-2019 was docketed at 416 MDA 2020.

[2] 18 Pa.C.S. §§ 3121(c), 3125(b), 3123(b), 3125(a)(7), 3122.1(b), 3126(a)(7), 6318(a)(1), 6301(a)(1)(ii), and 4304(a) respectively. These crimes occurred between August of 2006 and August of 2013. Amended Information, 4/12/19.

convictions arose from [Appellant's] longtime sexual abuse of minor child, V.N.[, who was born in 2001], a childhood friend of [Appellant's] daughter. At docket number 2831-2019, [Appellant] was found guilty of rape of a child less than thirteen (13) years of age, statutory sexual assault of a child eleven (11) years of age or older, incest with a child less than thirteen (13) years of age, indecent assault of a child less than thirteen (13) years of age, indecent assault without consent, sexual assault, corruption of a minor[,] and endangering the welfare of a child.[3] Those convictions arose from [Appellant's] sexual abuse of his minor daughter, A.B.[, who was born in 2003].

Trial Court Opinion, 5/7/20, at 1-2.

On February 21, 2020, the trial court sentenced Appellant to an aggregate term of twelve and one-half to twenty-eight years of incarceration at 2831-2019. N.T., Sentencing, 2/21/20, at 15. At the same sentencing hearing, the trial court sentenced Appellant to an aggregate term of seventeen to thirty-five years of incarceration at 1373-2019, and the trial court ordered the sentence at 1373-2019 to be served consecutively to the sentence imposed at 2831-2019. *Id.*

On March 3, 2020, Appellant filed timely appeals at both trial court dockets; the trial court and Appellant complied with Pa.R.A.P. 1925 at each docket. In both appeals, Appellant contends that the trial court erred in

---

3 18 Pa.C.S. §§ 3121(c), 3122.1(b), 4302, 3126(a)(7), 3126(a)(1), 3124.1, 6301(a)(1)(ii), and 4304(a) respectively. These crimes occurred between January of 2007, and December of 2009. Amended Information, 8/14/19.

denying his motion to sever the trials.  Appellant's Brief (415 MDA 2020), at 4; Appellant's Brief (416 MDA 2020), at 4.[4]

"The general policy of the laws is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time consuming duplication of evidence."  ***Commonwealth v. Patterson***, 546 A.2d 596, 600 (Pa. 1988).  The decision to "join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant."  ***Commonwealth v. Wholaver***, 989 A.2d 883, 898 (Pa. 2010).  Our Rules of Criminal Procedure provide as follows:

> **Joinder—Trial of Separate Indictments or Informations**
> **(A) Standards**
>
> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a)-(b).  "To establish that evidence of other crimes is admissible at trial, the evidence must be used for a purpose other than to

---

[4] Appellant's Briefs at 415 MDA 2020 and 416 MDA 2020 are substantially the same.

show mere propensity to commit a crime. ***Commonwealth v. Johnson***, 236 A.3d 1141, 1150 (Pa. Super. 2020) (citing Pa.R.E. 404(b)(1)). "Rationales for the admission of other crimes or bad acts evidence include using this evidence to prove identity, intent, malice, absence of mistake or accident, common scheme or plan, and where the prior or subsequent act is part of the history of the event or part of the natural development of the facts." ***Id.*** (citing ***Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. 1997)).

The trial court addressed this issue as follows:

> In the instant case, it was determined that, in addition to some of the offenses charged being based upon at least one common act or occurrence, that the evidence of each of the offenses would be admissible in a separate trial for the other. At least once, the victims were eyewitnesses to [Appellant's] acts against the other and to other important events. A.B. testified that V.N. was present one time when [Appellant] engaged in sexual intercourse [with A.B.] and that immediately after[,] she witnessed [Appellant] appear[] to engage in the same conduct with V.N.[6] V.N. testified that A.B. was present in the same bed several times when [V.N.] was sexually abused by [Appellant].[7] The testimony of both girls demonstrates that the presence of the other did not deter [Appellant's] conduct and also explains why it did not deter his conduct.
>
> [6] N.T. Jury Trial, Vol. II, 10/22/19, pp. 209-214.
>
> [7] N.T. Jury Trial, Vol. I, 10/21/19, pp. 115, 118-125, 129[.]
>
> Furthermore, both of the victims testified that they discussed the abuse with each other and with their common friend, K.G. and spoke with each other about the need to report the abuse to protect A.B.'s younger sister who was approaching [the same age as A.B. and V.N. were when Appellant] began abusing the victims.[8] It later became unnecessary to report the abuse when A.B.'s sister drowned in [a] pool.[9] When the abuse against V.N. came to light and she decided to cooperate with [the] prosecution,

A.B. expressed that she further delayed reporting because she felt she was receiving indirect justice through V.N.'s case.[10] The testimony demonstrates that, in addition to their separate reasons for not reporting the abuse sooner, the victims had common reasons for delaying their reports and reasons that were related to [Appellant's] offenses against the other.

[8] N.T. Jury Trial, Vol. I, 10/21/19, pp. 137-139; N.T. Jury Trial, Vol. II, 10/22/19, pp. 215-218, 248, 256-257, 339-340.

[9] N.T. Jury Trial, Vol. I, 10/21/19, pp. 139-140; N.T. Jury Trial, Vol. II, 10/22/19, pp. 218.

[10] N.T. Jury Trial, Vol. II, 10/22/19, pp. 223-224; N.T. Jury Trial, Vol. III, 10/23/19, pp. 376-377.

[Appellant's] crimes against … the victims were also substantially similar. Both victims were around the same age when the abuse began,[11] the abuse of each victim occurred close in time and overlapped with the abuse of the other, the abuse in each case was achieved through similar means,[12] both victims spent a substantial amount of time alone with [Appellant], [Appellant] cultivated a close parent-like relationship with both of the victims … .[13] and both victims were sexually abused within the home of [Appellant]. [Appellant's] degree of impropriety varied with the victims, but he clearly operated decisively within a common scheme and with a clear motive and intent.

[11] N.T. Jury Trial, Vol. I, 10/21/19, p. 124; N.T. Jury Trial, Vol. 11, 10/22/19, p. 204.

[12] Both A.B. and V.N. testified that [Appellant] placed their hand on his penis and instructed them on how to masturbate him. N.T. Jury Trial, Vol. I, 10/21/19, p. 121; N.T. Jury Trial, Vol. II, 10/22/19, pp. 204-209. Both A.B. and V.N. testified that [Appellant] engaged in sexual intercourse with both of them by placing them on higher surfaces with their legs

spread apart. N.T. Jury Trial, Vol. I, 10/21/19, pp. 129-132; N.T. Jury Trial, Vol. II, 10/22/19, pp. 209-214.[5]

[13] N.T. Jury Trial, Vol. I, 10/21/19, pp. 135-136, 145-150.

The probative value of the evidence outweighed any prejudicial effect in each case. The evidence of the offenses was critical to corroborate the victims' testimony and to deflect [Appellant's] credibility attacks of the victims, the testimony [Appellant] offered from A.B.'s mother implying that he did not have access or opportunity to commit the offenses,[14] and [Appellant's] suggestion that the victims were making false allegations based upon a common motive, such as to keep him in jail and away from A.B.'s mother[15]. The evidence was capable of separation by the jury so as to avoid danger of confusion, especially given that the jurors were permitted to take notes throughout the trial and that each girl testified clearly about the distinct sexual crimes [Appellant] committed against them. The evidence against [Appellant] did not tend to convict [Appellant] solely by showing a propensity to commit crimes.

[14] N.T. Jury Trial, Vol. III, 10/23/19, pp. 388-389, 392.

[15] N.T. Jury Trial, Vol. II, 10/22/19, pp. 243-245; N.T. Jury Trial. Vol. Ill, 10/23/19, pp. 376-377, 406-408.

Since the victims' testimony was interconnected and since each victim's testimony corroborated the other's accounts, both concerning the abuse, [Appellant's] opportunity to commit the offenses and the reasons for the delays in reporting, it was necessary for the victims to testify before a single jury in order to present a complete picture of Appellant's conduct. [Appellant] committed a series of crimes that were related. He created the sequence of events and the circumstances that allowed [the] offenses to continue and to go unnoticed and unreported and cannot fairly now demand that the matters be severed and tried in separate trials. [Appellant] was not unduly prejudiced by the

---

[5] The testimony revealed that Appellant would seat the unclothed children on a table or chest-freezer in order to elevate them in his effort to attempt vaginal penetration. N.T., Trial, 10/21/19, at 129-132; N.T., Trial, 10/22/19, at 209-214.

decision to allow the jury to hear evidence of the separate, yet interrelated, crimes.

Trial Court Opinion, 5/7/20, at 6-9.

After review, we agree with the trial court's conclusion that Appellant's crimes were part of a common scheme, with a clear motive and intent. Trial Court Opinion, 5/7/20, at 8. V.N. testified that Appellant committed many of these crimes while she shared a bed with A.B. during sleepovers at Appellant's house where A.B. lived. N.T., Trial, 10/21/19, at 116-124. Moreover, A.B. witnessed Appellant sexually assault V.N., and V.N. witnessed Appellant rape A.B. N.T., Trial, 10/22/19, at 209-214. As the Commonwealth asserted: "The sexual assaults that were perpetrated on [V.N.] and [A.B.] are so intertwined that to have separate trials would be to essentially have the same trial, twice." Commonwealth's Brief at 9. The acts to which the children separately testified are part of the history of the events and part of the natural development of the facts of Appellant sexually assaulting and repeatedly victimizing these children. **Collins**, 703 A.2d at 422. Thus, the evidence of the offenses committed against A.B. would have been admissible in a separate trial for the crimes committed against V.N., and *vice versa*. **Id.**

We conclude that Appellant's claims of error are meritless. Accordingly, we discern no abuse of discretion in the trial court denying Appellant's motion to sever, and we affirm the judgments of sentence.

Judgments of sentence affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2020